UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Robin LaCourse

    v.                          Civil No. 05-cv-104-JD

Town of Tilton and Scott Estes

O R D E R

Robin LaCourse brings federal civil rights claims and state law claims against Tilton Police Officer Scott Estes and the Town of Tilton, arising from the circumstances of her arrest early in the morning of January 1, 2003. Estes moves to bifurcate the trial to have the claims against him tried before the claims against the town to avoid prejudice to his defense due to evidence that he anticipates will be introduced in the case against the town. LaCourse sought and was granted an extension of time to file a response to the motion to bifurcate but then failed to file a response.

Discussion

LaCourse alleges that Estes used excessive force when he arrested her, that the town, due to its practice, custom, or policy, failed "to properly screen, hire, train, supervise, educate, discipline, and retain" Estes, and that Estes committed a variety of state law torts for which the town is vicariously liable. LaCourse describes a struggle with Estes during her

arrest when he called her obscene names, assaulted her, and beat her. Estes excuses his behavior on the ground that LaCourse was resisting arrest. He represents that he called her "a f—————— c———" and "pushed [his] hand down her mouth" only when she spat at him.

Attached to LaCourse's complaint is a copy of an essay Estes wrote for a college class, titled "Yes, Virginia, There is a Camera," dated October 9, 2002. The essay, which was written only a few months before the incident involving LaCourse, is a shocking chronicle of "a few tricks that allow us to remain professional while issuing the justice that our honorable courts always seem to neglect" and avoid detection by monitoring cameras and spectators. Id. at 1. The essay explains "how to make that guy who really deserves it pay for all the times he got away with cutting you off in traffic, hitting your car then driving away, grabbing your purse or wallet, then returning it without any money in it, (oh how convenient)." Id. The essay instructs an arresting officer to get close to a suspect while handcuffing him or her because "[i]t's hard to see a punch to the stomach when you're inches away. You'll need to yell something when the punch is thrown however, so no one can hear him yelp like a mouse being stepped on." Id. at 3. Estes further recommends head butts, a knee to the groin, "subtle low impact finger maneuvers," "secret moves [called] the mashing magician," "scraping the shin bone

with a steel toed boot," "driving your heel into the baby toe," "a good shove in the back seat," and "a good long blast in the eyes" of pepper spray to a handcuffed suspect in a squad car. Id. at 2-3.

Not surprisingly, Estes is concerned about the effect that essay would have on a jury considering LaCourse's claims against him of excessive force and assault and battery.  He complains that LaCourse is likely to rely on the essay, along with information in his personnel file and complaints made against him, to prove her claims against the town and, therefore, asks that the claims against him be tried first.  Although Estes assumes that his essay and other potentially prejudicial information from his personnel file would not be admissible against him, that is an open question that has not yet been resolved.  He also asserts that bifurcation would preserve judicial resources because if the claims against him fail, no claims would remain to be tried against the town.

Estes failed to certify in his motion that he sought concurrence for bifurcation from counsel for LaCourse and counsel for the town before filing the motion.  See LR 7.1(c).  In the absence of any response from LaCourse and the town, nothing in the record indicates whether they would concur in a bifurcated trial or not.  Although the court may order bifurcation "in furtherance of convenience or to avoid prejudice, or when

3

separate trials will be conducive to expedition and economy," the court declines to do so based on the insufficient input from the parties on the issue.  Fed. R. Civ. P. 42(b).

## Conclusion

For the foregoing reasons, the defendant's motion to bifurcate (document no. 13) is denied without prejudice to renew, if appropriate, at a later time.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

April 19, 2006

cc:  Charles P. Bauer, Esquire
     Donald E. Gardner, Esquire
     Lawrence A. Vogelman, Esquire